UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
CASE NO.: 22-14020-CR-CANNON


UNITED STATES OF AMERICA,

            Plaintiff,                     JULY 27, 2022
     vs.

                                   FORT PIERCE, FLORIDA
ERNESTO PEREZ-PINA,

                                  PAGES 1 - 13

            Defendant.
_____/


TRANSCRIPT OF SENTENCING HEARING
BEFORE THE HONORABLE AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE GOVERNMENT:    DIANA ACOSTA, AUSA
                    Office of U.S. Attorney
                    101 South U.S. Highway 1
                    Fort Pierce, Florida  34950


FOR THE DEFENDANT:     PETER BIRCH, AFPD
                    Office of U.S. Public Defender
                    109 North Second Street
                    Fort Pierce, Florida  34950


REPORTED BY:           DIANE MILLER, RMR, CRR, CRC
                    Official Court Reporter
                    U.S. District Court
                    diane_miller@flsd.uscourts.gov

```
 1                        P-R-O-C-E-E-D-I-N-G-S

 2            THE COURT:  Good afternoon.  Please be seated.

 3            THE COURTROOM DEPUTY:  Calling case 22CR14020-Cannon

 4   USA versus Ernesto Perez-Pina, could we have the parties enter

 5   their appearance beginning with the Government.

 6            MS. ACOSTA:  Diana Acosta on behalf of the United

 7   States.  Good afternoon, Your Honor.

 8            MR. BIRCH:  Good afternoon, Your Honor; Peter Birch,

 9   representing Ernesto Perez-Pina, who is seated to my left.

10            THE COURT:  Good afternoon, Mr. Birch.

11            And good afternoon, Mr. Perez-Pina.

12            There is a certified interpreter here,

13   Mr. Perez-Pina.  Have you been able to understand everything

14   that has transpired thus far with the aid of the interpreter?

15            THE DEFENDANT:  Yes.

16            THE COURT:  Okay.  If, at any point, you don't

17   understand anything, please let me know, okay?

18            THE DEFENDANT:  Yes, all right.

19            THE COURT:  All right.  We are here for sentencing in

20   this matter.  The record reflects, sir, that you pled guilty

21   before Magistrate Judge Maynard to the sole count of the

22   indictment with -- although it indicates a charge of Title

23   VIII, United States Code, Sections 1326(a) and (b)(1), it was

24   ultimately corrected on the record at the change of plea

25   hearing and identified as only Section 1326(a).
```

1            Is that correct, Mr. Birch?

2            MR. BIRCH:  Yes, Your Honor.

3            THE COURT:  Okay.  I obtained the transcript of that

4   change of plea hearing for the avoidance of any doubt, and that

5   transcript will be made part of the record.

6            Anything with respect to the correct charge in this

7   case, Ms. Acosta?

8            MS. ACOSTA:  No, Your Honor.  We agree because he

9   doesn't have the requisite prior misdemeanors that would

10  qualify, so it is definitely a 1326(a).

11           THE COURT:  With that confusion clarified, I'll just

12  state further, the Court thereafter adopted Judge Maynard's

13  report and recommendation; so, Mr. Perez-Pina, you have been

14  adjudicated guilty of Title -- of illegal reentry after removal

15  in violation of Title VIII, United States Code, Section

16  1326(a), and so I will make a correction to the Court's order

17  adopting the report and recommendation at docket entry 24.

18  Paragraph three of that order has an error.  It should say

19  Title VIII, United States Code, Section 1326(a) with no

20  reference to subsection (b)(1).

21           Ms. Spielle -- and I'm sorry, I did not ask for your

22  appearance.

23           PROBATION OFFICER:  Good afternoon, Your Honor;

24  Claire Spielle on behalf of U.S. Probation.

25           THE COURT:  Are there any corrections that need to be

```
 1   made to the PSI or references to (b)(1)?

 2             PROBATION OFFICER:  Your Honor, the PSI is calculated

 3   based -- I apologize.

 4             THE COURTROOM DEPUTY:  I'll turn it down.

 5             PROBATION OFFICER:  Your Honor, on page -- in the

 6   offense level computation on page 5, it does reference 1326A,

 7   (b)(1), but that is the only place that it's referenced, but it

 8   is not calculated as (b)(1), it is calculated at 1326A.

 9             THE COURT:  So that's the sole reference to (b)(1),

10   in the PSI?

11             PROBATION OFFICER:  Yes.  So we can correct that,

12   Your Honor -- if Your Honor wishes, but everything is

13   calculated as if it was a 1326A.

14             THE COURT:  And you referenced which paragraph?

15             PROBATION OFFICER:  So it is paragraph 14 on page 5.

16             THE COURT:  Yes.  I think just to make sure

17   everything is accurate, I'll ask that revised PSI be prepared

18   without any references to (b)(1).  Okay.

19             PROBATION OFFICER:  Yes, Your Honor.

20             THE COURT:  All right.  Mr. Perez-Pina, have you had

21   an opportunity to review the PSI in this case, the presentence

22   investigation report?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Do you need any additional time to

25   discuss any matters related to sentencing with your attorney?
```

```
 1                THE WITNESS:  No.  It's all right.

 2                THE COURT:  Mr. Birch, are you aware of any legal

 3    reason precluding the imposition of sentence today?

 4                MR. BIRCH:  No, Your Honor.

 5                THE COURT:  All right, let's proceed.

 6                I see no objections were filed to the PSI; is that

 7    correct, Mr. Birch?

 8                MR. BIRCH:  That's correct, Your Honor.

 9                THE COURT:  Is that your understanding, Ms. Acosta?

10                MS. ACOSTA:  Yes, Your Honor.

11                THE COURT:  All right.  The Court will then adopt the

12    PSI, at docket entry 29, in full with that minor clarification

13    noted earlier and state for the record the applicable guideline

14    range which is based on a total offense level of eight, a

15    criminal history category of three which produces an advisory

16    guideline range of 6 to 12 months imprisonment.  There is a

17    recommended range of supervised release of one year, a

18    recommend fine range of $2,000 to $20,000, although no fine is

19    recommended, and the mandatory special assessment of $100.

20                Is that correct, Mr. Birch?

21                MR. BIRCH:  Yes, Your Honor.

22                THE COURT:  Ms. Acosta?

23                MS. ACOSTA:  Yes, Your Honor.

24                THE COURT:  Okay.  By the way, masks are optional for

25    anyone who prefers to not wear it.
```

1          All right.  Having adopted the PSI in full along with

2     the calculations herein, I'll now proceed to hear argument on

3     an appropriate sentence starting with the Government.

4          MS. ACOSTA:  Your Honor, we are asking for a sentence

5     at the high end of the guideline range which would be 12

6     months.  Looking at the 3553 factors, we believe that sentence

7     is appropriate, based on the fact that he does have a total of

8     five removals from the United States spanning, I believe, 2010

9     through 2014, I believe.

10          In addition, he was convicted of three misdemeanors

11    of 1325A related to some of those removals.  And, in fact, he

12    was found in the United States after his last removal.  We know

13    he was here because he was stopped and given a citation for

14    driving without a license.  That was in 2019, so even though --

15    and in those circumstances, for whatever reason, ICE was not

16    notified, apparently, that he was back in the country.  So he

17    was not removed in 2019.  Not until he was found in Indian

18    River County did ICE again contact him or interact with him,

19    and that's why we are here today.

20          I would note that for whatever reason, the prior

21    jurisdictions that learned of his presence chose to charge him

22    with just 1325A which really is not a reflection of the

23    defendant.  That's what they charged him with.  He did admit to

24    each of those entries; but, now, the time has finally come that

25    he is charged with a felony offense, and we believe that a

```
 1   one-year sentence pursuant to the 3553 factors is sufficient or

 2   at least warranted, A, to reflect the seriousness of the

 3   offense because, seriously, you can see the way he was treated

 4   by the different encounters that perhaps he didn't think it was

 5   so serious because he got a slap on the wrist, removed and came

 6   back, got a slap on the wrist and removed and came back.  So we

 7   think that a year would be that, no, it is not a slap on the

 8   wrist, that your penalties -- the consequences are going to

 9   escalate, they will go up.  You are going to be charged with

10   (b)(1), not just the A, to promote respect for the law and to

11   provide just punishment and to provide adequate deterrence so

12   that he won't come back.

13          So for those reasons, we believe that a sentence at

14   the high end, 12 months, is appropriate in this case.

15          THE COURT:  Thank you.

16          Mr. Birch?

17          MR. BIRCH:  Thank you, Your Honor.

18          I believe this would be his fifth removal with four

19   prior removals, but I don't know that really matters.  I have

20   to concede that Mr. Perez-Pina needs to understand that he

21   couldn't do it this way; and it is, I can understand, troubling

22   that he has come back repeatedly.  We don't make excuses for

23   that other than he has had difficulty in Mexico, and then

24   having family here provides somewhat of a magnet for wanting to

25   come back.  That doesn't excuse it.  I'm not trying to excuse
```

1   it, but I would say it is certainly to his credit that he

2   doesn't come back and engage in a string of criminal activity.

3   His criminal history is minimal, but for the fact that he keeps

4   coming back and he needs to understand, he can't do it this

5   way.

6          The guideline range of six to 12 months includes

7   consideration of the prior removals and sentences that he

8   received.  He gets a two-level increase for that, and I believe

9   it's five criminal history points which puts him in criminal

10  history category three as a result of these prior removals.

11         With that having been said, Your Honor, it is

12  still -- understandably, it needs to get through to

13  Mr. Pina-Perez *[sic]* that -- excuse me, Perez-Pina that he

14  can't do it this way.  And that is why, to be honest with you,

15  I'm not asking for the bottom of the guidelines, and I

16  discussed this with Mr. Perez-Pina, but I think that nine

17  months would be sufficient but not greater than necessary under

18  all of the 3553(a) circumstances in imposing sentence.  That's

19  still a lengthy sentence.  He will have to do it day for day,

20  and I would ask the Court to consider that and, hopefully,

21  Mr. Perez-Pina gets the message.

22         He understands that he is violating the law.  He

23  would like to address the Court on that, but I would ask the

24  Court to consider a nine-month sentence for the reasons I have

25  stated.

1            THE COURT:  Thank you, Mr. Birch.

2            Mr. Perez-Pina, you have the opportunity to address

3    the Court, if you wish.  And I want to make sure I hear you

4    well, so please speak clearly into the microphone.

5            THE DEFENDANT:  I just wanted to apologize again.

6    And I understand that I failed with those reentries, but I had

7    to work so I can give my children a better life.

8            Okay, that's all.

9            THE COURT:  Thank you, sir.

10           The Court has considered the statement of all

11   parties, the presentence report which contains the advisory

12   guidelines and the statutory factors as set forth in Title 18,

13   United States Code, Section 3553(a).

14           It is the finding of the Court that the defendant is

15   not able to pay a fine.

16           I have taken a very close look at the presentence

17   investigation report; and, as the Government indicates, and

18   there is no dispute, unfortunately, there is a very troubling

19   and repeated pattern of violating immigration law in this case

20   starting in 2010.  As reflected in paragraph six, the defendant

21   was ordered removed and removed in August of 2010.  At some

22   point thereafter, as reflected in paragraph seven, the

23   defendant re-entered the United States.  The removal order was

24   reinstated in March of 2012, and he was then again removed in

25   April of 2012.

1          In March of 2012, he was convicted of misdemeanor

2    entry by an alien in the Western District of Texas, and he was

3    sentenced in that case to 30 days imprisonment.  That

4    unfortunately did not deter the defendant from continuing to

5    violate immigration law.

6          As we see in paragraph eight, he subsequently

7    re-entered the United States again, and his removal order was

8    again reinstated on or about July 24th of 2013, and he was

9    removed in September of 2013.  Prior to that September 2013

10   removal, he sustained an additional misdemeanor conviction for

11   improper entry by an alien, at that time, in the Southern

12   District of Texas.  Then, he re-entered again, as reflected in

13   paragraph nine.

14         The removal order was reinstated, and he was removed

15   in January of 2014.  Prior to that January 2014 removal, he was

16   convicted for another misdemeanor, improper entry by an alien

17   in the Southern District of Texas.  That's all in paragraph

18   nine.  In addition to that, we have a conviction, in paragraph

19   27, for driving without a valid driver's license which,

20   although on its face appear relatively nominal, it is just

21   another indication of the defendant's history of disregarding

22   U.S. law.  So the Court unfortunately is left with a pattern of

23   repeated criminal violations.

24         I would note in addition, those prior convictions,

25   they escalated in punishment from 30 days to 60 days and then

```
 1   to 120 days; again, the message obviously wasn't sufficient to

 2   deter more illegal reentries as indicated in the PSI.  So for

 3   those reasons, in light of the need to promote the respect for

 4   the law, to provide just punishment, and to specifically deter

 5   this defendant from continuing to violate the law, the Court

 6   believes under the 3553(a) factors that an upward variance is

 7   warranted and quite reasonable in this case, based on a review

 8   of the full record and will impose an upward variance of 18

 9   months imprisonment in this case which the Court finds to be

10   reasonable and appropriate under the circumstances and in light

11   of all of the statutory factors.

12             It is the judgment of the Court that the defendant,

13   Ernesto Perez-Pina, is committed to the Bureau of Prisons to be

14   imprisoned for a term of 18 months.  Upon release from

15   imprisonment, the defendant shall be placed on supervised

16   release for a term of one year.  Within 72 hours of release,

17   the defendant shall report in person to the probation office in

18   the district where released.  While on supervised release, the

19   defendant shall comply with the mandatory and standard

20   conditions of supervised release which include not committing

21   any crimes, being prohibited from possessing a firearm or other

22   dangerous device, not unlawfully possessing a controlled

23   substance, and cooperating in the collection of DNA.

24             The defendant also shall comply with the following

25   special conditions:  Surrendering to Immigration for removal
```

```
 1    after imprisonment and unpaid restitution, fines, or special

 2    assessments as noted in Part F of the presentence investigation

 3    report.  It is further ordered that the defendant shall pay

 4    immediately to the United States a special assessment of $100.

 5              The total sentence is therefore 18 months

 6    imprisonment, one year supervised release, and a 100-dollar

 7    special assessment.

 8              Now that sentence has been imposed, does the

 9    defendant or his counsel object to the Court's finding of fact

10    or to the manner in which sentence is pronounced?

11              MR. BIRCH:  Yes, Your Honor.  We would object to the

12    upward variance as being both procedurally and substantively

13    unreasonable.  I would submit that it's procedurally

14    unreasonable because it focuses on one factor over others;

15    specifically, if I understood the Court correctly, his pattern

16    of repeated violations seems to be focusing on his prior

17    illegal entries whereby that's already been accounted for in

18    the sentencing guideline range.  I would submit that it's

19    substantively unreasonable because it is beyond what is

20    necessary or sufficient under the 3553(a) factors.

21              THE COURT:  All right.  Thank you very much,

22    Mr. Birch.

23              Mr. Perez-Pina, you have a right to appeal the

24    sentence imposed.  Any notice of appeal must be filed within 14

25    days after entry of the judgment.  If you are unable to pay the
```

```
 1    cost of an appeal, you may apply for leave to appeal in forma

 2    pauperis.

 3              Anything further from Mr. Birch or Ms. Acosta?

 4              MS. ACOSTA:  No, Your Honor.

 5              MR. BIRCH:  No, Your Honor.  Thank you.

 6              THE COURT:  Thank you.

 7              God bless you, sir.

 8              The Court is in recess.

 9         (PROCEEDINGS ADJOURNED AT 2:23 p.m.)

10                    C-E-R-T-I-F-I-C-A-T-E

11              I hereby certify that the foregoing is

12         an accurate transcription and proceedings in the

13         above-entitled matter.

14
      9/11/2022                   /s/DIANE MILLER
15     DATE                 DIANE MILLER, RMR, CRR, CRC
                            Official Court Reporter
16                          United States District Court
                            101 South U.S. Highway 1
17                          Fort Pierce, FL  34950
                            772-467-2337
18

19

20

21

22

23

24

25
```